**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4302

TYREESH WHITE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-196)

Argued: March 2, 1998

Decided: April 6, 1998

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by published opinion. Judge Motz wrote the opinion, in
which Judge Wilkins and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** Michael Patrick O'Connell, Charleston, South Carolina,
for Appellant. Matthew R. Hubbell, Assistant United States Attorney,
Charleston, South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey,
United States Attorney, Ben A. Hagood, Jr., Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Tyreesh White appeals from his convictions for attempted bank robbery and carrying a firearm during a crime of violence in violation of 18 U.S.C.A. § 2113 (West 1984 & Supp. 1998) and § 924(c) (West 1976 & Supp. 1998). Although 17 years old when he committed the offenses, White was prosecuted as an adult in federal court after the district judge entered an order pursuant to the Juvenile Justice and Delinquency Prevention Act, 18 U.S.C.A. § 5032 (West 1985 & Supp. 1998). White appeals, challenging the district court's jurisdiction under this statute. Because the district court properly exercised jurisdiction, we affirm.

I.

On June 7, 1995, the Government moved to proceed against White in federal court as an adult. As mandated by the fourth paragraph of 18 U.S.C.A. § 5032, the Government filed a motion to transfer setting forth the reasons why White, a juvenile, should be prosecuted as an adult in federal court and, in accordance with the tenth paragraph of that statute, the Government filed a "record certification" of White's juvenile records. The Government, however, failed to file the "need certification" required by the first paragraph of § 5032.

Despite the absence of the Government's need certification, the district court granted the Government's motion to transfer. White was then tried as an adult in federal court and sentenced to 110 months for attempted bank robbery and 60 months for using or carrying a firearm during the robbery, totalling 170 months imprisonment. At sentencing White also pled guilty to escaping from federal custody, in violation of 18 U.S.C.A. § 751(a) (West 1976 & Supp. 1998), and received a concurrent sentence of 14 months imprisonment.

II.

Although White originally challenged his sentence, at oral argument he abandoned that claim and pursues only a jurisdictional attack

2

on his convictions. He maintains that his convictions should be dismissed because the Government's failure to file a need certification rendered the district court without jurisdiction.

White did not assert his jurisdictional argument in the district court. Courts, however, can always consider questions as to subject matter jurisdiction -- whenever raised and, indeed, even sua sponte. See, e.g., United States v. Juvenile Male, 923 F.2d 614, 616 (8th Cir. 1991). Because proper certification under § 5032 is jurisdictional, see United States v. NJB, 104 F.3d 630, 632 (4th Cir.), cert. denied, 117 S. Ct. 1722 (1997), we address White's claim here. See Juvenile Male, 923 F.2d at 616.

Specifically, White maintains that because the Government failed to file a need certification that attested to fulfillment of § 5032's enumerated requirements, the district court lacked jurisdiction over his case. In support of this contention, White asserts two basic arguments: one centers on the Government's failure to provide a statement of "substantial federal interest" in the documents it filed with the district court; the other focuses on the Government's failure to file with the district court a separate document denominated as a need certification. We address each argument in turn.

A.

The Attorney General, or a United States Attorney to which this responsibility has been delegated, see 28 C.F.R. § 0.57 (1997), must demonstrate the need to prosecute a minor as an adult in federal court by certifying to the district court that:

> (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or [is] an offense [specifically named in this paragraph], and that there is a substantial Federal interest in the case or the offense to warrant exercise of Federal jurisdiction.

3

18 U.S.C.A. § 5032 (first paragraph).

White asserts that this paragraph of the statute requires the Government to establish one of the three listed requirements and the existence of a "substantial federal interest." The Government maintains that it must establish a "substantial federal interest" only in conjunction with prong (3). The statute can be read to support either interpretation. See Impounded, 117 F.3d 730, 731 n.1 (3rd Cir. 1997) (explaining how text of statute supports both interpretations). However, the statute's legislative history unequivocally reflects Congress' intention to require that the Government demonstrate a "substantial federal interest" only when asserting certification based on prong (3) -- a crime of violence or an enumerated federal felony.

Prior to 1984, § 5032 provided two bases for a need certification: (1) if the state was "unable or unwilling to do anything" or (2) "if the state was unequipped to offer programs and services adequate for the needs of the juvenile." United States v. Juvenile Male #1, 86 F.3d 1314, 1320 (4th Cir. 1996) (internal quotations omitted). In 1984, however, Congress added the third prong to § 5032, greatly expanding the bases for prosecuting a juvenile in federal court. Id. As we recognized in Juvenile Male #1, Congress also "injected" into this third prong a "new element" of proof not applicable to the original two prongs: the Government must demonstrate "the crime [is] of a sufficiently serious type that federal resources should be called upon" in prosecuting a juvenile in federal court. Id. at 1320.

Indeed, the Senate Report accompanying the new legislation clearly demonstrates that Congress intended to require the Government to prove a "substantial federal interest" only when claiming jurisdiction under prong (3) of § 5032. The report noted that the 1984 amendment added "a third category to existing law" which permitted "the disposition of a case involving a juvenile charged with a serious felony by means of a Federal proceeding." S. Rep. No. 98-225, at 389 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3529 (1984). This new prong, the report explained, also required the Government to demonstrate "a substantial Federal interest" in the case to warrant the exercise of federal jurisdiction, and emphasized that this "substantial Federal interest" requirement was designed to limit the reach of the new amendment to those cases "giv[ing] rise to special Federal con-

4

cerns." Id. (internal quotations omitted). Nowhere does the report suggest that the amendment imposes a similar "substantial federal interest" requirement in proving either prong (1) or (2). See also Juvenile Male #1, 86 F.3d at 1320-21 (citing with approval United States v. Doe, 13 F.3d 302, 304 n.1 (9th Cir. 1993), which held that "the government must show a substantial federal interest only when it certifies a serious felony crime"); Impounded, 117 F.3d at 731 n.1 (concluding "substantial federal interest" is requirement only of prong (3)); United States v. Juvenile No. 1, 118 F.3d 298, 303 n.6 (5th Cir. 1997) (same); United States v. Wong, 40 F.3d 1347, 1363 (2d Cir. 1994) (same without explanation).

We recognize that recently we suggested in NJB that the Government was required to certify a "substantial federal interest" when asserting jurisdiction under any one of the three prongs. See NJB, 104 F.3d at 632. Other courts have similarly interpreted the first paragraph of § 5032. See United States v. Jarrett , 133 F.3d 519, 535 (7th Cir. 1998); United States v. Tolliver, 61 F.3d 1189, 1199 (5th Cir. 1995), cert. granted and judgment vacated on other grounds by Sterling v. United States, 516 U.S. 1105 (1996). Because NJB only involved the sufficiency of the Government's certification under prong (3), our suggestion there that the Government must prove a "substantial federal interest" in relation to prongs (1) and (2) is dictum. As explained above, that dictum conflicts with both the legislative history of § 5032 and our prior discussion in Juvenile Male #1. Moreover, neither the Jarrett nor Tolliver courts offer any reasoning to support their similar conclusions. Accordingly, we hereby disavow the dictum in NJB.

B.

White's remaining contention is that the Government's failure to file a specific need certification document prevented the district court from properly asserting jurisdiction under § 5032. The Government concedes that it did not file with the district court a separate need certification, but contends that information included in its timely motion to transfer substantively satisfied the need certification requirements of § 5032. The Government also maintains the need certification it has filed with this Court establishes the district court's jurisdiction in view of the fact that White has suffered no prejudice and never asserted lack of jurisdiction below.

5

Although the Government must certify to the district court that its case fulfills one of the enumerated requirements of a need certification, like our sister circuits, we "refuse[ ] to allow jurisdiction to be defeated by a . . . ministerial act related to the certification requirement of § 5032." Wellington, 102 F.3d at 504 (failure to file need certification did not defeat jurisdiction where information in transfer motion satisfied § 5032's certification requirements). See also United States v. Angelo D., 88 F.3d 856, 860 (10th Cir. 1996) (Government's failure to demonstrate express delegation from United States Attorney to Assistant United States Attorney to file transfer motion would not defeat jurisdiction under § 5032); United States v. Baker, 10 F.3d 1374, 1395 (9th Cir. 1993) (holding need certification filed after information returned was "timely" because"the statute includes no deadline for filing a certification . . . and no court has imposed one"); United States v. Doe, 871 F.2d 1248, 1257 (5th Cir. 1989) ("technical failure in filing is not fatal to jurisdiction" (internal quotations omitted)).

Certainly, "the practice of filing a separate document providing the need certification required by § 5032 is preferable." Wellington, 102 F.3d at 503. However, if the Government's timely transfer motion filed with the district court contains all of the information necessary to satisfy the need certification requirements, and a later formal certification confirms the accuracy of that information, we will not hold that the lack of a timely, properly denominated filing divested the district court of jurisdiction under § 5032.

In this case, the Government's transfer motion contains information satisfying the requirements of a § 5032 need certification. First, the transfer motion was properly executed by the Acting Chief of General Litigation in the Criminal Division of the Department of Justice, to whom, pursuant to 28 C.F.R. § 0.57, the Attorney General had delegated this authority. See 18 U.S.C.A.§ 5032 (paragraph one). Second, the transfer motion states that in South Carolina White would be prosecuted as an adult rather than as a juvenile, indicating that the South Carolina juvenile courts lacked jurisdiction to proceed against White in satisfaction of prong (1). Thus, as White himself acknowledged at oral argument, this information satisfies the requirements of a need certification if we should conclude, as we have, that the Government is not required to certify a substantial federal interest in con-

6

junction with a need certification based on prong (1) or (2) of the first paragraph of § 5032.

In sum, we refuse to elevate form over substance. Because the Government presented to the district court the information necessary to satisfy the need certification requirement in its transfer motion and corroborated that information in a later certification filed with this court, the district court properly exercised jurisdiction under § 5032.

AFFIRMED

7