**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHELE B. WILLIAMS,
Plaintiff-Appellant,

v.

JEEP SALES & SERVICE COMPANY,
d/b/a Haynes Motor Company;
WAYNE SATTERWHITE, individually

and in his capacity as General Sales
Manager, Haynes Motor Company,
Defendants-Appellees,

and

PERRY DREWRY; RON WEST,
Defendants.

No. 97-2751

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-97-403-3)

Submitted: August 18, 1998

Decided: September 10, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sa'ad El-Amin, EL-AMIN & CRAWFORD, Richmond, Virginia, for Appellant. Jack W. Burtch, Jr., Richard K. Bennett, MCSWEENEY, BURTCH & CRUMP, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michele B. Williams appeals the district court's dismissal of her employment discrimination action against appellees Jeep Sales and Service Company, an authorized Jeep dealer in Richmond, Virginia, doing business as Haynes Motor Company ("Jeep") and Wayne Satterwhite, Jeep's general sales manager. Williams brought this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (1994), and the district court granted Appellees' oral motion to dismiss on the ground that Williams failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission.

In this appeal, Williams does not challenge the substantive basis for the district court's dismissal. Rather, she alleges that the court erred (1) in granting Appellees' motion to dismiss without a written motion to dismiss being filed; and (2) in granting Appellees' motion to dismiss after holding a hearing and considering evidence regarding the motion. We disagree with both arguments and affirm the court's dismissal.

Williams' contention that the district court erred in dismissing the case based on an oral rather than a written motion to dismiss is without merit. A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is subject to the general require-

2

ments for motions set out in Fed. R. Civ. P. 7(b)(1). Rule 7(b)(1) states in relevant part that:

> An application to the court for an order shall be by motion which, <u>unless made during a hearing or trial,</u> shall be made in writing. . . .**1**

Thus, if a motion to dismiss is made during a hearing or trial--i.e. on the record--no written motion is required.

Here, Appellees attempted to raise the question of subject matter jurisdiction in a motion to file a motion for summary judgment out of time. The district court did not allow the filing of the motion for summary judgment, and Appellees subsequently raised the question of jurisdiction again during a pretrial conference in the district court. Thereafter, the court scheduled a hearing on the motion and afforded Williams the opportunity to file a written response. At the hearing, Appellees were asked to repeat their motion for the record and to state the grounds upon which that motion was made.**2** The court then heard evidence as to whether subject matter jurisdiction existed.**3**

We are satisfied that this procedure conformed with Fed. R. Civ. P. 7(b)(1). Appellees made their initial motion during a pretrial conference, and the substance of the motion was repeated at the hearing on the matter. In addition, that the district court was prompted to conduct the hearing by what occurred during a pretrial conference does not mean that its decision to dismiss was error. Rather, the question of subject matter jurisdiction had already been raised in Appellee Wayne Satterwhite's answer.**4** In any event, courts are free to raise the question of subject matter jurisdiction <u>sua sponte</u> at any time.**5**

_____

**1** FED. R. CIV . P. 7(b)(1) (emphasis added).

**2** <u>See</u> J.A. at 40.
**3** <u>Id.</u> at 41-107.

**4** <u>Id.</u> at 29.
**5** <u>See United States v. White</u>, 139 F.3d 998, 999-1000 (4th Cir. 1998), <u>petition for cert. filed</u>, 66 U.S.L.W. #6D6D 6D6D# (U.S. July 6, 1998) (No. 98-5146).

Therefore, we find no error in the court's dismissal of this case in the absence of a written motion to dismiss. Accordingly, we decline to disturb the order on this ground.

Similarly, we find no error in the district court's dismissal of this case after holding a hearing and considering evidence regarding Appellees' oral motion to dismiss. Williams contends that a district court cannot consider evidence beyond the pleadings in ruling on a 12(b)(1) motion. She suggests that the court should have considered the appellees' motion not as a motion to dismiss but as a motion for summary judgment. Under Williams' characterization, the court would assume appellant's facts to be true, and would decide the case on the pleadings, without an evidentiary hearing.

The court properly decided the question of subject matter jurisdiction under Rule 12(b)(1). Appellees challenged the court's subject matter jurisdiction by contending that appellant's jurisdictional allegations were not true; the December 10 hearing examined whether or not Williams filed a timely charge with the EEOC. Where jurisdictional facts are disputed, our interpretation of 12(b)(1) has been that a court "may . . . go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

We find both of Williams' arguments without merit. Accordingly, we grant Appellees' motion for summary affirmance and affirm the district court's dismissal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4