**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4896

RODNEY THOMPSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4897

TIMOTHY A. WATSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4899

DARRYL NATHANIEL HOGES,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4923

KEVIN LAMONT TRENT, a/k/a K-Rock,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                       No. 98-4301

CHARLIE LEE DAVIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                       No. 99-4070

ROBERT LEE TRENT, JR.,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-97-4)

Submitted: August 31, 1999

Decided: November 2, 1999

Before MURNAGHAN and WILKINS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Barbara R. Hudson, Danville, Virginia; Dorothy P. Dillon, Rocky
Mount, Virginia; Hunt L. Charach, OFFICE OF THE FEDERAL

2

PUBLIC DEFENDER, Charleston, West Virginia; Thomas W. Farrell, David W. Hearn, WOOTEN & HART, P.C., Roanoke, Virginia; Thomas S. Leebrick, THOMAS S. LEEBRICK, P.C., Lynchburg, Virginia; James J. Angel, Lynchburg, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Donald R. Wolthius, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The record discloses that Appellants Rodney Thompson, Timothy A. Watson, Darryl N. Hoges, Kevin L. Trent, Charlie L. Davis, and Robert L. Trent, Jr., were involved in a drug trafficking organization in Virginia. Appellants were indicted, and ultimately convicted and sentenced for conspiracy and various drug trafficking crimes in violation of 21 U.S.C. §§ 841, 846 (1994). We have thoroughly reviewed each Appellant's claims, and now affirm in part and vacate and remand in part for the reasons that follow.

We first find no legal merit to the claim of Thompson and Hoges that the trial court committed plain error in allowing the testimony of two paid informants during their trial in violation of 18 U.S.C.A. § 201(c)(2) (West Supp. 1999). We also find no error in the district court's denial of Watson's motion for acquittal based on insufficient evidence. See Glasser v. United States, 315 U.S. 60, 80 (1942).

As to Kevin Lamont Trent, we find that: (1) the Government did not withhold evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963); (2) the district court did not sentence him in violation of the U.S. Sentencing Guidelines on the three grounds proffered; (3) sufficient evidence supports the jury's guilty verdict; (4) the district court did not abuse its discretion in denying his severance

motion; and (5) the district court did not err in admitting certain voice identification testimony. With respect to Davis' arguments, we find no abuse of discretion in the trial court's (1) refusal to excuse two jurors and its decision to excuse another for cause; (2) admission of a witness' testimony concerning his own hesitancy to testify; (3) denial of Davis' motion to recuse the district court judge based on comments he made at Davis' first trial which resulted in a hung jury; and (4) denial of Davis' motion for a transcript of the first trial and motion for continuance. Finding sufficient evidence to support Davis' convictions, we find no error in the district court's denial of his motion for judgment of acquittal. We further find that the district court did not err in overruling Davis' objection to a two-point enhancement under United States Sentencing Guidelines Manual § 3B1.1 (1997). As to Robert L. Trent, Jr., we find sufficient evidence to support the jury's verdict.

We now address Rodney Thompson's claim regarding the district court's lack of subject-matter jurisdiction over him for the alleged act of cocaine distribution he committed when he was under eighteen years of age. A jury convicted Thompson, born February 10, 1978, of conspiracy to possess with intent to distribute cocaine and cocaine base and two counts of possession with intent to distribute cocaine base. Count two of the indictment, charging Thompson with possession with intent to distribute cocaine base, was based on an incident occurring on January 4, 1996. Thompson contends that the district court lacked jurisdiction under 18 U.S.C.A. § 5032 (West Supp. 1999) of the Juvenile Delinquency Act to proceed against him on this specific charge, absent a filing of a certification and a transfer hearing pursuant to § 5032, because he was seventeen years of age on January 4, 1996, and did not turn eighteen until February 10, 1996. The Government concedes error.

Thompson did not assert this jurisdictional argument in the district court. Courts, however, can always consider questions as to subject matter jurisdiction--whenever raised. See United States v. White, 139 F.3d 998, 999-1000 (4th Cir. 1998), cert. denied , ___U.S. ___, 67 U.S.L.W. 3257 (U.S. Oct. 13, 1998) (No. 98-5146). Because proper certification under § 5032 is jurisdictional, see United States v. NJB, 104 F.3d 630, 632 (4th Cir. 1997), we address Thompson's claim.

4

When an individual under eighteen years of age commits a violation of federal law "which would have been a crime if committed by an adult," that individual has committed an act of juvenile delinquency. 18 U.S.C.A. § 5031 (West Supp. 1999). Having obtained jurisdiction pursuant to § 5032, the Government must proceed against a juvenile who commits an act of juvenile delinquency under the delinquency provisions of Title 18, Chapter 403, rather than the criminal laws of the United States, except in narrowly defined statutory circumstances. See 18 U.S.C.A. § 5032. Thompson, seventeen years of age when the alleged violation occurred, was eligible to be transferred for adult prosecution if the district court, upon motion and after hearing, concluded that treating Thompson as an adult "would be in the interest of justice." Id.

Here, the Government failed to move under § 5032 to have Thompson tried as an adult for the act of juvenile delinquency he committed on January 4, 1996. Consequently, there was no certification or hearing on the issue. Instead, Thompson was directly tried in district court as an adult. Because the Government acknowledges that it did not follow the procedural requirements of § 5032 and given the district court's failure to consider and make findings for the record on the six factors in making the "interest of justice determination," we vacate Thompson's conviction and sentence on count two of the indictment and remand to the district court to proceed in accordance with statutory mandate.

Because the offense forming the basis for the last count for which Thompson was charged clearly took place after Thompson reached the age of eighteen, and Thompson does not challenge the sufficiency of evidence to support that conviction, we affirm Thompson's conviction for distribution as alleged in count nine of the indictment. We must, however, vacate the conspiracy conviction. This Court has held that conspiracy is a continuing crime and although a defendant may have become involved in the conspiracy before his eighteenth birthday, a conviction can be sustained if he continued to play an active part in the conspiracy after he became eighteen years old. See United States v. Spoone, 741 F.2d 680, 687 (4th Cir. 1984). It is important, however, that a jury be instructed that it cannot consider a defendant's juvenile acts as evidence of his guilt. See id.

5

Count one of the indictment charges Thompson with conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base from the Fall of 1995--prior to Thompson's eighteenth birthday --to the date of the indictment, January 21, 1997, approximately a year after Thompson's eighteenth birthday. Because Thompson's age was not raised as an issue before the district court, the district court did not instruct the jury not to consider Thompson's juvenile acts as evidence of his involvement in the conspiracy. Consequently, it cannot be determined if the jury inappropriately considered the juvenile acts in convicting Thompson of the conspiracy charge. We, therefore, also vacate Thompson's conspiracy conviction and accompanying sentence and remand to the district court for further proceedings consistent with this opinion. In light of our decision, we do not address Thompson's challenge to the sufficiency of evidence for his convictions on counts one and two.

Accordingly, we affirm the convictions and sentences of Timothy A. Watson, Darryl N. Hoges, Kevin L. Trent, Charlie L. Davis, and Robert L. Trent, Jr. For the reasons stated above, we vacate Rodney Thompson's convictions upon count one and count two of the indictment, and remand to the district court for proceedings consistent with this opinion. We otherwise affirm Thompson's conviction on count nine of the indictment. We further grant the Government's motion to file a sur-reply brief in Appeals No. 97-4896, 97-4897, 97-4899, 97-4923, and 98-4301, and the motion by Robert Lee Trent, Jr., to submit his appeal on the briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART

6