**In re Rickey D. MEDLIN, Debtor.**

**Rickey D. Medlin, Plaintiff,**

**v.**

**Commissioner of Internal Revenue Service and Bureau of Prisons, Defendants.**

**Bankruptcy No. 95–03491–8–JRL.
Adversary No. L–01–00007–8–AP.**

United States Bankruptcy Court,
E.D. North Carolina,
Wilson Division.

Oct. 4, 2001.

Rickey D. Medlin, Oakdale, LA, pro se.

Randy Doub, Greenville, NC, trustee.

## ORDER

### J. RICH LEONARD, Chief Judge.

This adversary proceeding is before the court *sua sponte* for a determination as to whether this court has subject matter jurisdiction over the plaintiff's claims. For the reasons stated below, the court determines that this case is not within the subject matter jurisdiction of the bankruptcy court, and that it must be dismissed.

### The Substance of Plaintiff's Complaint

This adversary proceeding was filed on January 23, 2001 and, as amended on February 27, 2001, asserts five causes of action that can be loosely characterized as arising out of the debtor/plaintiff's failure to pay pre-petition taxes due to the Internal Revenue Service ("IRS"). The plaintiff filed a petition for relief under chapter 7 of the Bankruptcy Code in October of 1995, and the complaint alleges that the IRS was properly listed as a creditor on the schedules filed with the petition. The IRS did not file a proof of claim seeking payment of these pre-petition taxes from the estate. The IRS did, however, initiate a post-petition criminal proceeding against the plaintiff that ultimately resulted in the debtor's conviction on tax-related charges. At the debtor's sentencing hearing, the federal district court entered an order directing the plaintiff to pay criminal restitution to the IRS in the amount of $341,181.18. According to the complaint, the defendant Bureau of Prisons is currently collecting payment on behalf of the Internal Revenue Service.

Based on these common allegations, the plaintiff seeks the following forms of relief. First, he seeks compensatory and punitive damages based on the assertion that the defendants have violated the automatic stay through the entry and enforcement of the restitution order. Second, he asserts that the IRS's violation of the automatic stay is itself a violation of 26 U.S.C. § 7433, entitling him to additional compensatory and punitive damages. Third, he asks the court to enjoin the defendants from further actions to collect restitution under the order. Fourth, he asks the court to order the estate to pay any pre-petition taxes that are due to the Internal Revenue Service. Finally, in his amended complaint, he seeks a declaratory judgment from this court that the trustee's prior payment of $574,193.79 to the IRS has fully satisfied the $341,181.18 restitution order.

At this juncture, the court takes judicial notice that on April 5, 2000, the debtor filed a proof of claim on behalf of the IRS in the amount of $349,181.18. The claim asserted by the debtor was based on two criminal judgments entered against the debtor and Nancy C. Medlin in April and July of 1999 that collectively order them to pay restitution in the exact amount of $349,181.18. On February 12, 2001, this court entered an order allowing the trustee's objection to the debtor's proof of claim. The February 12 order disallowed the debtor's proof of claim as untimely, finding that it was filed nearly three years after the expiration of the period within which the debtor could have filed a proof of claim for the IRS. In addition, the order finds that the debtor's post-petition obligation to pay criminal restitution is analytically distinct from the IRS's pre-petition tax claims, and is not a claim that can be properly asserted against the estate. The debtor's appeal of that decision is presently pending before the United States District Court for the Eastern District of North Carolina.

### Lack of Subject Matter Jurisdiction

Lack of subject matter jurisdiction can be raised at any time by the parties or

by the court itself. *United States v. White,* 139 F.3d 998 (4th Cir.1998); *Trager v. Internal Revenue Serv. (In re North Star Contracting Corp.),* 146 B.R. 514, 518 (Bankr.S.D.N.Y.1992) ("because subject matter jurisdiction is of paramount importance, a court may raise the issue *sua sponte.*") The subject matter jurisdiction of the United States Bankruptcy Courts is defined by 28 U.S.C. §§ 1334 and 157, and the instant complaint may be heard in this court only if it falls within one of the jurisdictional categories defined by those statutes.

Section 1334 establishes the boundaries of bankruptcy jurisdiction, conferring upon the United States District Courts "original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a) and (b). Section 157 allows the district courts to refer "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges in the district. 28 U.S.C. § 157(a). Every federal district court, including our own, has adopted a standing order referring bankruptcy matters and proceedings to the district's bankruptcy judges under this provision.

Section 157 divides the matters that can be heard by bankruptcy judges into three general categories. Under § 157(b)(1), bankruptcy judges have the power to hear, determine, and enter final orders in bankruptcy cases and any "core proceedings" arising under the Bankruptcy Code. Section 157(c)(1) provides that a bankruptcy judge may hear "non-core" proceedings that are otherwise related to a bankruptcy case, but may enter a final order in these proceedings only with the consent of the parties. Read together, these sections limit the jurisdiction of the bankruptcy courts to bankruptcy cases, core proceedings that arise under them, and non-core matters that are "otherwise related to" them.

The Fourth Circuit Court of Appeals recently addressed the limits of bankruptcy jurisdiction in *New Horizon of N.Y. LLC v. Jacobs,* 231 F.3d 143 (4th Cir.2000). New Horizon's claims arose out of a failed option agreement that had been an integral part of another party's plan of reorganization. As the option was about to expire, New Horizon asked the bankruptcy court for an enlargement of time and for an order holding the appellants in contempt based on their alleged tortious interference with its rights under the agreement. The bankruptcy court ultimately found that the option had expired by its terms and denied the motion for enlargement of time without addressing the contempt issue.

New Horizon subsequently filed a complaint against the appellants in district court, including among its claims a request that the defendants be held in civil contempt of the bankruptcy court's orders. The district court found that New Horizon's lawsuit was related to the bankruptcy cases and, after New Horizon received a favorable jury verdict on its other claims, entered an order denying New Horizon's claim for civil contempt.

On appeal, the Fourth Circuit held that the district court had erred in finding New Horizon's lawsuit related to the bankruptcy cases. The appellate court rejected New Horizon's argument that "related to" jurisdiction could be premised on the connection between the civil contempt claim and the bankruptcy proceedings. The court found that New Horizon's effort to raise the contempt issue in its complaint was, in fact, a collateral attack on the bankruptcy court's resolution of the con-

tempt issue in the underlying case. Because "related to" jurisdiction could not be premised on a collateral attack against an earlier order of the bankruptcy court, the lower courts lacked subject matter jurisdiction to hear New Horizon's complaint.

■ Before reaching this conclusion, the court stressed that "the 'mere fact that there may be common issues of fact between a civil proceeding and a controversy involving a bankruptcy estate does not bring the matter within the scope of [1334(b)].'" *New Horizon of N.Y. LLC v. Jacobs,* 231 F.3d 143, 151 (4th Cir.2000), *quoting Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). To the contrary, an action is related to a bankruptcy case only "if the outcome [of the proceeding] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [the proceeding] in any way impacts upon the handling and administration of the bankruptcy estate." *Id.,* *quoting Spartan Mills v. Bank of Am. Ill.,* 112 F.3d 1251, 1255–56 (4th Cir.1997).

■ In the present case, the plaintiff's claims arise out of a post-petition criminal proceeding that led to an order directing him to pay restitution based on tax-related criminal charges. This court has no jurisdiction over criminal matters, which, in turn, are generally unaffected by bankruptcy proceedings. *See* 11 U.S.C. § 362(b)(1) (the filing of a petition does not stay "the commencement or continuation of a criminal action or proceeding against the debtor"). The plaintiff's first, second, third, and fifth causes of action are direct challenges to that post-petition criminal proceeding that simply do not fall within this court's subject matter jurisdiction.[1]

■ The plaintiff's fourth claim for relief asks the court to order the estate to pay any pre-petition taxes that are due to the IRS. This exact issue was decided in the order allowing the trustee's objection to the proof of claim filed by the debtor on behalf of the IRS, and the debtor's appeal of that order is still pending before the district court. The fourth claim for relief is nothing more than a collateral attack on that order which, under *New Horizon,* cannot support this court's subject matter jurisdiction. In addition, the order allowing the objection to claim found as a matter of law that the debtor's post-petition obligation to pay criminal restitution is not a claim that can be properly asserted against the estate. It follows that a challenge to that claim cannot, in any way, impact the administration of the bankruptcy case.

### Conclusion

Based on the foregoing, the court finds that it lacks subject matter jurisdiction over this complaint and the same is, accordingly, dismissed *sua sponte.*

**So Ordered.**

---

1. Arguably, the plaintiff's most ludicrous request comes in his amended complaint (the fifth cause of action), in which he asks this court to enter a declaratory judgment informing the district court that presided over the criminal case that this obligation was satisfied before the order was entered. Arguments concerning the satisfaction of that order must be directed to the court that entered it.