**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4622

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

C.A.M., Male Juvenile,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge.
(8:05-cr-00401-DKC)

Argued:  September 28, 2007        Decided:  October 19, 2007

Before MOTZ, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Raymond A. JACKSON, United States District Judge for the Eastern
District of Virginia, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Carmen D. Hernandez, Washington, D.C., for Appellant.
Jonathan Su, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Rod
J. Rosenstein, United States Attorney, Baltimore, Maryland, James
M. Trusty, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

C.A.M., who was seventeen years old at the time of his initial appearance on the present charge, appeals from an order of the district court granting the government's motion under the Juvenile Justice and Delinquency Prevention Act (the Act), 18 U.S.C. §§ 5031-5042, to proceed against him as an adult. For the reasons stated below, we vacate the district court's order and remand the case for further proceedings consistent with this opinion.

I

The Act provides, in part, that a juvenile "shall not be proceeded against in any court of the United States" unless the government certifies to the appropriate district court that the offense charged is a "crime of violence." Id. § 5032. On August 24, 2005, the government filed a one-count juvenile information charging C.A.M. with "conspiracy to participate in a racketeering enterprise." (J.A. 8) (citing 18 U.S.C. § 1962(d)). Along with the information, the government filed the certification required under § 5032, certifying that the "racketeering enterprise" was a crime of violence. (J.A. 9). On the same day, the government filed a motion to transfer C.A.M.'s case for adult prosecution. Neither the information nor the certification describe the nature of the racketeering enterprise.

On August 25, 2005, C.A.M. made his initial appearance before a United States Magistrate Judge. On June 14, 2006, the district court granted the government's motion to transfer. C.A.M. noted a timely appeal.

## II

Jurisdiction over juvenile proceedings in federal court is governed by the Act. In general, a "juvenile" is one "who has not attained his eighteenth birthday." 18 U.S.C. § 5031.

Under the Act, a juvenile alleged to have committed a crime of violence may be prosecuted as an adult in federal court if the government certifies to the appropriate district court that "there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction." Id. § 5032. Proper certification under § 5032 by the government is necessary to create subject matter jurisdiction over a juvenile proceeding. United States v. White, 139 F.3d 998, 999-1000 (4th Cir. 1998).

The Act does not define crime of violence. However, courts have used the definition of crime of violence set out in 18 U.S.C. § 16. See, e.g., United States v. Doe, 49 F.3d 859, 866 (2d Cir. 1995) ("Since the JDA itself contains no definition of 'crime of violence,' the district court properly looked to the general definition provisions set out at the start of the Criminal Code."). Section 16 of Title 18 defines "crime of violence" as "(a) an

offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16.

In this case, at oral argument, the government conceded that neither the information nor the certification described the nature of the racketeering enterprise.  Moreover, the government conceded that some racketeering enterprises can be crimes of violence while others are not.  Given these concessions by the government, we conclude that the requirements of § 5032 were not met in this case. We simply cannot discern from either the information or the certification whether the alleged racketeering enterprise is a crime of violence as defined in § 16.  Accordingly, we vacate the district court's order granting the motion to transfer and remand the case for further proceedings consistent with this opinion.  On remand, the government can cure the jurisdictional defect by amending either the information or the certification to ensure that the alleged racketeering enterprise is a crime of violence.[*]

VACATED AND REMANDED

---

[*]In view of our decision that the jurisdictional requirements of § 5032 were not met, we decline to address the remaining issues raised by C.A.M.

- 4 -