**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-5148**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JUVENILE MALE,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:09-cr-00168-BO-1)

───────────

Submitted:  November 19, 2010     Decided:  December 15, 2010

───────────

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juvenile Male appeals the district court's order transferring him to adult status under the Juvenile Justice and Delinquency Act, 18 U.S.C. §§ 5031-5042 (2006). Juvenile Male was charged in a three-count juvenile information with interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951, 2 (2006) (Count One), using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (2006) (Count Two), and being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5), 924 (2006) (Count Three). The Government certified to the district court that "there is a substantial Federal interest in the case and the offenses, to warrant the exercise of federal jurisdiction due to violent nature of the offenses."

Juvenile Male argues that the district court lacked jurisdiction to transfer him to adult status under 18 U.S.C. § 5032. Questions involving subject matter jurisdiction are reviewed de novo. United States v. White, 139 F.3d 998, 999-1000 (4th Cir. 1998).

Federal jurisdiction involving a juvenile alleged to have committed an act of juvenile delinquency is proper if the Government certifies that "the offense charged is a crime of violence that is a felony . . . and that there is a substantial

2

Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction." 18 U.S.C. § 5032(3) (2006). The Government's certification that a substantial federal interest exists is generally regarded as a matter of prosecutorial discretion, and while this decision is not immune from judicial review, we accord the decision substantial deference. United States v. Juvenile Male #1, 86 F.3d 1314, 1319 (4th Cir. 1996).

In United States v. T.M., 413 F.3d 420, 427 (4th Cir. 2005), we held that a substantial federal interest exists in § 924(c) prosecutions. Juvenile Male attempts to distinguish T.M. by arguing that in T.M., the victim was actually beaten and shot, whereas in his offense, the victim was not. Juvenile Male claims that the conduct in T.M. was more violent and egregious than the conduct in which he engaged. We conclude that this distinction is of no consequence; it does not alter our previous holding that because using a firearm during a crime of violence carries harsh penalties that Congress enacted as an urgent measure to control criminal use of firearms, the Government possesses a substantial interest in § 924(c) prosecutions. The district court properly exercised jurisdiction in this case.

Next, Juvenile Male argues that the district court abused its discretion in transferring him to adult status because it wrongfully found that his chances of rehabilitation

3

were minimal. Juvenile Male also argues that the district court gave insufficient weight to his lack of a prior criminal record, and did not consider that at the end of any juvenile sentence Juvenile Male would be deported.

We review for abuse of discretion a district court's decision to transfer a juvenile to adult prosecution. United States v. Juvenile Male, 554 F.3d 456, 465 (4th Cir. 2009). A district court abuses its discretion if it fails to make the required factual findings, or if those factual findings are clearly erroneous. United States v. Robinson, 404 F.3d 850, 858 (4th Cir. 2005). We review de novo the district court's legal rulings relating to the entry of the transfer order. See United States v. Soriano-Jarquin, 492 F.3d 495, 501-02 (4th Cir. 2007).

A juvenile may be transferred to adult status, "if the district court finds, after hearing, such transfer would be in the interest of justice." 18 U.S.C. § 5032. In making that determination, the district court must consider the following six factors: (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the extent and nature of the juvenile's prior delinquency record; (4) the juvenile's present intellectual development and psychological maturity; (5) the nature of past treatment efforts and the juvenile's response to such efforts; and (6) the availability of programs designed to treat the juvenile's behavioral problems. Id. The

4

Government has the burden of proving by a preponderance of the evidence that a transfer to adult status would be in the interest of justice. Juvenile Male #1, 86 F.3d at 1323. The district court may determine what weight to give the various factors. Id. In the "interest of justice" analysis, the district court must weigh the rehabilitative purposes of the juvenile justice system against the need to protect the public from violent individuals. Id.

After reviewing the record, we conclude that the district court did not abuse its discretion in transferring Juvenile Male to adult status. The district court made the appropriate factual findings, carefully considered those facts as applied to the transfer factors, and correctly weighed all of the factors to determine that transfer of Juvenile Male was in the interest of justice. We discern no sound basis to disturb the district court's judgment.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5